IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-6-BO

| | | |
|---|---|---|
| ANNA BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on parties' cross Motions for Judgment on the Pleadings pursuant to FED. R. CIV. P. 12(c). Plaintiff argues that the Administrative Law Judge ("ALJ") erred in determining that Plaintiff's mental impairments were not severe, in determining that Plaintiff could perform the full range of light work, and in failing to use a vocational expert ("VE") to determine whether there were a significant number of jobs in the national economy that Plaintiff is capable of performing. Defendant argues that the ALJ's opinion is supported by substantial evidence and that he did not commit any legal errors. For the reasons stated below, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's decision is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is MOOT.

I.   SUMMARY OF THE INSTANT DISPUTE

Plaintiff is approximately five feet, eight inches and 270 pounds. She suffers from hypertension, sore joints, anxiety, and depression. Plaintiff filed a claim for Disability Insurance Benefits on December 20, 2004, with an alleged onset date of August 1, 2003. (Transcript,

hereinafter "T," pp. 51-55). Plaintiff's claim was denied both initially and upon reconsideration and a hearing was held by an ALJ on July 13, 2007. (T pp. 31-35, 46-48, 463-78). The ALJ issued an unfavorable decision on July 17, 2007. (T pp. 13-22). The Appeals Council denied Plaintiff's request for review, and Plaintiff filed a Complaint in this Court on January 14, 2008.

Plaintiff filed a Motion for Judgment on the Pleadings on May 12, 2008. Defendant filed a Motion for Judgment on the Pleadings on August 22, 2008. A hearing was conducted on November 14, 2008. These motions are now before the Court.

II.  DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. Plaintiff disputes the ALJ's findings at steps two, four, and five.

A.  The ALJ's determination that Plaintiff's mental impairments were not severe at step two is supported by substantial evidence.

In determining whether a mental impairment is severe, an ALJ is required to consider four broad functional areas and assess the degree to which the impairment imposes functional limitations. 20 C.F.R. § 404.1520a. Plaintiff argues that the ALJ failed to explicitly reject state agency consultant medical findings that indicated that Plaintiff's medical impairments were

severe. However, the ALJ considered and appropriately rejected "those opinions because they [were] not supported by the totality of the longitudinal medical record." (T p. 16). The ALJ considered the medical records and opinions in evaluating each of the four areas and determined that Plaintiff's mental impairments were either mild or non-existent in each area. Thus, the ALJ's determination that Plaintiff's mental impairments are non-severe is supported by substantial evidence.

B. The ALJ's did not err in determining that Plaintiff had the RFC to perform a full range of light work.

Plaintiff argues that the ALJ erred: (1) in not affording controlling weight to her treating physician's opinion that Plaintiff is disabled; (2) in not affording proper weight to a consultative examining physician; and (3) in assessing Plaintiff's subjective complaints of pain. First, the ALJ appropriately considered Plaintiff's treating physician's opinions. Opinions from a medical source about the issues reserved to the Commissioner, such as the ultimate issue of disability, are not entitled to controlling weight or special significance. *See* SSR 96-5p; *see also* 20 C.F.R. §§ 404.1527(e)(1), (3). Dr. Linfors's opinion that Plaintiff is disabled is therefore not entitled to controlling weight or special significance. Notably, the ALJ not only considered, but also accepted many of Dr. Linfors's medical opinions. Thus, the ALJ appropriately considered Plaintiff's treating physician's opinions.

Second, the ALJ appropriately considered Plaintiff's consultative physician's opinions regarding Plaintiff's abilities. The numerous medical opinions before the ALJ varied dramatically on Plaintiff's abilities and physicians opined that Plaintiff could lift anywhere from

-3-

five to fifty pounds frequently, lift anywhere from two to twenty-five pounds occasionally, sit anywhere from four to six hours, and stand or walk anywhere from two to six hours. The ALJ appropriately considered the medical opinions and objective medical evidence, the ALJ determined that Plaintiff could lift up to ten pounds frequently and twenty pounds occasionally.

Third, the ALJ appropriately considered Plaintiff's subjective complaints of pain. "Subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, *in the amount and degree*, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996) (emphasis added). "[P]ain is not disabling *per se*, and subjective evidence of pain cannot take precedence over objective medical evidence, or the lack thereof." *Id* at 592 (quoting *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986)). Though Plaintiff complained of severe pain, both the medical evidence, which showed that there was no evidence of ongoing nerve root compression and that Plaintiff did not require aggressive pain treatments, and Plaintiff's daily activities, which included hour-long walks with her dogs, shopping, household cleaning, and meal preparation, undermine Plaintiff's subjective allegations of pain. Therefore, the ALJ appropriately considered Plaintiff's complaints of pain.

C. The ALJ's use of the Grids was appropriate at step five.

In determining whether the Grids can be relied upon exclusively, the Court considers "whether the nonexertional condition affects an individual's residual functional capacity to perform work of which he is exertionally capable." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989) (citing *Grant v. Schweiker*, 699 F.2d 189 (4th Cir. 1983)). However, "not every malady of

-4-

Case 4:08-cv-00006-BO   Document 20   Filed 12/15/08   Page 4 of 5

a 'nonexertional' nature rises to the level of a 'nonexertional impairment.'" *Smith v. Schweiker*, 719 F.2d 723, 725 (4th Cir. 1984). "Whether a given nonexertional condition affects a particular claimant's residual capacity to engage in certain job activities is a question of fact." *Id.*

"If the grids are to serve their intended purpose,... their use cannot be defeated by low-level personality and emotional disorders that undoubtedly afflict-at least from time to time-vast numbers of the populace." *Smith*, 719 F.2d at 725. As described above, the ALJ considered the evidence and determined that Plaintiff's depression and anxiety were non-severe. Thus, the ALJ appropriately utilized the Grids to determine whether Plaintiff's low-level personality and emotional disorders qualified her as disabled at step five.

III. CONCLUSION

The ALJ's opinion is supported by substantial evidence and he did not err in his consideration of Plaintiff's treating physician's opinions, Plaintiff's consultative physician's opinions, Plaintiffs subjective complaints of pain, or his use of the Grids at step five. Accordingly, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's opinion is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is MOOT.

SO ORDERED, this ___ day of December 2008.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE